UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANKQUAN BRADY,

                              Plaintiff,

                    v.                                          5:12-CV-1384
                                                                (NAM/TWD)

SYRACUSE POLICE DEPARTMENT,
CITY OF SYRACUSE, HENRY GANNON,

                              Defendants.

APPEARANCES

FRANKQUAN BRADY, 11-B-2600
Plaintiff *pro se*
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Presently before the Court is a *pro se* complaint and application to proceed *in forma pauperis*

filed by Plaintiff Frankquan Brady.  (Dkt. Nos. 1-2.)  Generally, Plaintiff alleges that he was subjected

to excessive force and wrongfully charged with crimes.  (Dkt. No. 1.)  For the reasons discussed below,

I recommend that the complaint be dismissed with leave to amend.

## I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*.  (Dkt. No. 2.)  A court may grant *in forma*

*pauperis* status if a party "is unable to pay " the standard fee for commencing an action.  28 U.S.C. §

1915(a)(1).  After reviewing Plaintiff's *in forma pauperis* application, I find that Plaintiff meets this

standard.  Therefore, Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is granted.

## II.   SCREENING OF THE COMPLAINT

### A.    Applicable Legal Standard

28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall

dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards *pro se* litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised

in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

### B. Allegations of the Complaint

Plaintiff alleges that at about midnight on May 19, 2010, he was returning to his apartment after smoking a cigarette outside. (Dkt. No. 1 at 3.) As he put the keys into his door, five unnamed Syracuse Police Department officers entered the building. *Id*. They instructed him to stay in the lobby. *Id*. When Plaintiff stated that he lived in the building, the officers grabbed his arm, told him to get on the floor, and used a Taser on him. *Id*. at 3-4. Plaintiff's girlfriend came out of their apartment and witnessed the officers punching and kicking Plaintiff, pulling his hair, and slamming his face into the floor. *Id*. at 4. The officers handcuffed Plaintiff and dragged him to a police car in front of the building. *Id*. They took Plaintiff to the hospital, where he was treated for chest and back pain, facial abrasions, a broken nose, and two black eyes. *Id*. at 5.

Thereafter, Plaintiff was placed in custody and charged with resisting arrest and criminal trespass in the third degree. (Dkt. No. 1 at 5.) The judge dismissed the case in Plaintiff's favor. *Id*.

In this action, Plaintiff has named the City of Syracuse, the Syracuse Police Department, and Henry Gannon as defendants. (Dkt. No. 1.) The complaint does not state whether or not Defendant Gannon was one of the officers who subjected Plaintiff to excessive force. *Id*. Plaintiff alleges that Defendants violated his rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). *Id*. at 1. Plaintiff seeks declaratory relief, compensatory damages, and injunctive relief. *Id*. at 7-11.

C.     **Analysis**

1.     Plaintiff's Claims Under 42 U.S.C. § 1983

Plaintiff asserts that Defendants violated his rights under 42 U.S.C. § 1983.  Read broadly, the

complaint asserts § 1983 claims for excessive force, false arrest, and malicious prosecution.  For the

reasons discussed below, I recommend that the Court dismiss Plaintiff's § 1983 claims with leave to

amend.

a.     *Defendant Henry Gannon*

Plaintiff identifies Henry Gannon as a defendant.  (Dkt. No. 1 at 2.)  Plaintiff states that

Defendant Gannon "is and was at all times herein a[n] officer working out of the Syracuse Police

Department . . . ."  *Id*.  The complaint's only other reference to Defendant Gannon states that "Officer

Henry Gannon of the case either knew or should have known that [his] actions would by all measures of

federal law" violate Plaintiff's constitutional rights.  *Id*. at 6.

Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional

deprivations is a prerequisite to an award of damages under § 1983.'"  *Wright v. Smith*, 21 F.3d 496,

501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  In order

to prevail on a § 1983 cause of action against an individual, a plaintiff must show some "tangible

connection" between the unlawful conduct and the defendant.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d

Cir. 1986).

Here, the complaint does not allege facts plausibly suggesting a tangible connection between the

alleged unlawful conduct and Defendant Gannon.  It is not clear whether Defendant Gannon was one of

the officers involved in the alleged use of excessive force or in the arrest and prosecution of Plaintiff.

Therefore, I recommend that the Court dismiss the claims against Defendant Gannon with leave to

amend.

b. *Defendants Syracuse Police Department and City of Syracuse*

Plaintiff has named the Syracuse Police Department and the City of Syracuse as defendants. (Dkt. No. 1 at 1.) In order "to hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to . . . prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees. *Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S 658, 690-91 (1978), *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986), and *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Here, the complaint does not allege any facts plausibly suggesting an official policy or custom that caused Plaintiff to be subjected to the denial of his constitutional rights. Therefore, I recommend that the Court dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the Syracuse Police Department and the City of Syracuse with leave to amend.

2. Plaintiff's Claims Under 42 U.S.C. § 1985(3)

Plaintiff alleges that Defendants violated 42 U.S.C. § 1985(3) by conspiring against him. (Dkt. No. 1 at 1.) For the reasons discussed below, I recommend that the Court dismiss Plaintiff's 42 U.S.C.

§ 1985(3) claims with leave to amend.

"To state a cause of action under § 1985(3), a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999)  To state a claim under § 1985(3), "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  Here, the complaint does not allege any such animus.  Therefore, I recommend that the Court dismiss Plaintiff's 42 U.S.C. § 1985(3) claims with leave to amend.

Moreover, 42 U.S.C. § 1985(3) "allows damages whenever two or more 'persons' conspire to violate the civil rights of another." *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979).  A municipality is a "person" for the purposes of a § 1985(3) claim only if one of the *Monell* factors, discussed above, applies.  *Id*.  As discussed above, Plaintiff has not alleged facts plausibly suggesting that his rights were violated pursuant to an official policy or custom of the Syracuse Police Department or the City of Syracuse.  Therefore, I recommend that Plaintiff's claim under 42 U.S.C. § 1985(3) be dismissed with leave to amend.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2 ) is **GRANTED**; and it is further

**RECOMMENDED** that the Court dismiss the complaint with leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of*

*Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


Dated:  November 1, 2012
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge