UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANKQUAN BRADY,

                          Plaintiff,

           v.                                                5:12-CV-1384
                                                                      (NAM/TWD)

SYRACUSE POLICE DEPARTMENT,
CITY OF SYRACUSE, HENRY GANNON,

                        Defendants.
_____

APPEARANCES

FRANKQUAN BRADY, 11-B-2600
Plaintiff *pro se*
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

      On November 26, 2012, this Court dismissed Plaintiff's original complaint with leave to amend. (Dkt. No. 5.) Plaintiff has filed an amended complaint in accordance with the Court's order. (Dkt. No. 6.) That amended complaint is now before the undersigned for initial review. For the reasons discussed below, I recommend that the Court dismiss the claims against the Syracuse Police Department and the City of Syracuse and allow the case to proceed against Defendant Henry Gannon.

**I.    ALLEGATIONS OF THE ORIGINAL COMPLAINT**

      The original complaint alleged that at about midnight on May 19, 2010, Plaintiff was returning to his apartment after smoking a cigarette outside. (Dkt. No. 1 at 3.) As he put the keys into his door, five unnamed Syracuse Police Department officers entered the building. *Id*. They instructed him to stay in the lobby. *Id*. When Plaintiff stated that he lived in the building, the officers grabbed his arm, told him to get on the floor, and used a Taser on him. *Id*. at 3-4. Plaintiff's girlfriend came out of their apartment and witnessed the officers punching and kicking Plaintiff, pulling his hair, and slamming his

face into the floor. *Id*. at 4. The officers handcuffed Plaintiff and dragged him to a police car in front of the building. *Id*. They took Plaintiff to the hospital, where he was treated for chest and back pain, facial abrasions, a broken nose, and two black eyes. *Id*. at 5.

Thereafter, Plaintiff was placed in custody and charged with resisting arrest and criminal trespass in the third degree. (Dkt. No. 1 at 5.) A judge dismissed the case in Plaintiff's favor. *Id*.

The original complaint named the City of Syracuse, the Syracuse Police Department, and Henry Gannon as defendants. (Dkt. No. 1.) The original complaint did not state whether or not Defendant Gannon was one of the officers who subjected Plaintiff to excessive force. *Id*. Plaintiff alleged that Defendants violated his rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). *Id*. at 1. Plaintiff sought declaratory relief, compensatory damages, and injunctive relief. *Id*. at 7-11.

## II. DISMISSAL OF THE ORIGINAL COMPLAINT

On November 1, 2012, I recommended dismissing the original complaint as to all defendants and claims. (Dkt. No. 4.) Regarding Defendant Gannon, I found that the original complaint did not sufficiently allege that Defendant Gannon was personally involved in the alleged constitutional violations. *Id*. at 4-5. Regarding the Syracuse Police Department and the City of Syracuse, I found that the original complaint did not sufficiently allege that the alleged constitutional violations were the result of an official municipal policy or custom. *Id*. at 5. Regarding Plaintiff's conspiracy claims, I found that the original complaint did not sufficiently allege a racial or class-based animus on the part of Defendants. *Id*. at 6. The recommendation was adopted in full on November 26, 2012. (Dkt. No. 5.)

## III. ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff filed an amended complaint on November 26, 2012. (Dkt. No. 6.) The amended complaint largely reiterates the allegations of the original complaint. In addition to the original

allegations, Plaintiff alleges that (1) Defendant Gannon was the officer who used the Taser (*Id.* ¶ 3); (2) Defendant Gannon was one of the officers who punched and kicked Plaintiff in the face and head (*Id.* ¶ 4); (3) Defendant Gannon pulled Plaintiff's hair and slammed his face into the floor (*Id.* ¶ 5); and (4) Defendant Gannon was one of the officers who handcuffed Plaintiff and dragged him to the front of his building (*Id.* ¶ 7).

**IV.   APPLICABLE LEGAL STANDARD**

28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d

133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards *pro se* litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## V. ANALYSIS

### 1. Claims Against Defendant Gannon

The amended complaint sufficiently alleges that Defendant Gannon was personally involved in the alleged constitutional violations. Therefore, I recommend that the case proceed against Defendant Gannon.

### 2. Claims Against the Syracuse Police Department and the City of Syracuse

Plaintiff has again named the Syracuse Police Department and the City of Syracuse as defendants. (Dkt. No. 6 at 1.) In order "to hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to . . . prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by

government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees. *Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S 658, 690-91 (1978), *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986), and *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Here, as was the case with the original complaint, the amended complaint does not allege any facts plausibly suggesting an official policy or custom that caused Plaintiff to be subjected to the denial of his constitutional rights. Therefore, I recommend that the Court dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the Syracuse Police Department and the City of Syracuse without leave to amend.

    4.  <u>Plaintiff's Claims Under 42 U.S.C. § 1985(3)</u>

Plaintiff alleges that Defendants violated 42 U.S.C. § 1985(3) by conspiring against him. (Dkt. No. 6 at 1.) "To state a cause of action under § 1985(3), a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) To state a claim under § 1985(3), "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). As was the case with the original complaint, the amended complaint does not allege any such animus. Therefore, I recommend

that the Court dismiss Plaintiff's 42 U.S.C. § 1985(3) claims without leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court dismiss the claims against the Syracuse Police Department and the City of Syracuse without leave to amend; and it is further

**RECOMMENDED** that if the Court adopts this Report-Recommendation, the Clerk issue a summons and forward it, along with a copy of the complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon Defendant Gannon; and it is further

**RECOMMENDED** that a formal response to Plaintiff's complaint be filed by Defendant Gannon as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendant Gannon; and it is further

**RECOMMENDED** that the Clerk schedule a Rule 16 conference before the undersigned if this Report-Recommendation is adopted; and it is further

**ORDERED** that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk.** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All motions shall comply with the Local Rules of Practice of the Northern District; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: January 2, 2013
       Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge